# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-KA-01263-COA

RICKY EDWARD HAWKINS                                            APPELLANT

v.

STATE OF MISSISSIPPI                                             APPELLEE

DATE OF JUDGMENT:            11/13/2020
TRIAL JUDGE:                 HON. LARRY E. ROBERTS
COURT FROM WHICH APPEALED:   SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ASHLEY LAUREN SULSER
DISTRICT ATTORNEY:           STEVEN SIMEON KILGORE
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 03/22/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.    Ricky Hawkins was convicted of two counts of aggravated DUI and sentenced to concurrent terms of twenty-two years to serve in the custody of the Mississippi Department of Corrections (MDOC).  He was further ordered to pay a $10,000 fine and $10,000 in restitution on each count.  Finding no arguable issues on appeal, Hawkins' appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).  Hawkins was granted time to file a supplemental brief pro se, but he elected not to do so.  No issues were raised on appeal, and this Court's review of the record has revealed no reversible error.  Therefore,

we affirm the ruling of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.     It was raining and beginning to get dark on December 28, 2018, when Tara McDill started a left turn across the southbound lane of Highway 35 at the entrance to Walmart. Her mother was in the front seat, and her two children were in the back seat. She never saw the truck that struck her car. McDill's mother was killed on impact, and her eleven-year-old daughter died en route to the hospital.

¶3.     Ricky Hawkins was driving the truck that struck McDill's car. McDill was positive that she had a green light, and although Hawkins disputed this, he admitted that he could not recall the accident. In fact, he testified that at the time of the accident he was having a hallucination involving a tractor. Officer James Creel noted that Hawkins had slurred speech and bloodshot eyes. Hawkins testified that he was diabetic and had periodic memory "gaps." He further testified that he had only had three drinks several hours before the accident.[1] But when Officer Creel asked Hawkins at the scene if he had been drinking, Hawkins answered: "I've had more than I needed today. I've been drinking all day." Hawkins was arrested at the accident scene and taken to the hospital for treatment. He refused to consent to a blood test, so police investigator Tim Rigby went to obtain a warrant. In the meantime, based on Hawkins' signature on a consent-for-treatment form, a medical technologist took a blood sample, and Hawkins' blood-alcohol content (BAC) registered 0.3%. A few hours later after

---

[1] There was no medical or expert testimony that Hawkins was suffering from a diabetic episode at the time of the accident. Although the defense had retained an expert hematologist, Dr. Brian Borg, to testify regarding auto-brewery syndrome, Hawkins had not been diagnosed with the syndrome, and the decision was made not to call Dr. Borg to testify.

2

Investigator Rigby returned with the warrant, another blood sample was taken, and Hawkins' BAC was 0.148%. A Mississippi Highway Patrol accident reconstructionist determined that Hawkins was intoxicated, speeding, and ran the red light—causing the accident and the two deaths.

¶4. A Scott County grand jury indicted Hawkins in July 2019 on two counts of aggravated DUI (also referred to as "DUI manslaughter") in violation of Mississippi Code Annotated section 63-11-30(5) (Supp. 2017). Following a jury trial in circuit court on November 9-10, 2020, Hawkins was found guilty as charged. On November 13, 2020, he was sentenced to concurrent terms of twenty-two years to serve in the custody of the MDOC and ordered to pay a $10,000 fine and $10,000 in restitution on each count. Hawkins filed a post-trial motion for a new trial, which was denied on November 13, 2020. A notice of appeal was then filed.

## DISCUSSION

¶5. In *Lindsey*, the Mississippi Supreme Court adopted a framework "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). First, "[c]ounsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]." *Id*. In the brief,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits,

3

whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id*.

¶6.     Counsel is then required to forward a copy of the brief to the client, informing the client that the record contains no arguable issues, and advising the client that he has a right to file a pro se brief. *Id*. Next, this Court will "determine, based on [our] review of the record and any pro se brief filed, if there is any arguable issue." *Johnson v. State*, 307 So. 3d 500, 502 (¶7) (Miss. Ct. App. 2020). In the event this Court finds any arguable issue, we "will require appellate counsel to submit supplemental briefing on that issue 'regardless of the probability of the defendant's success on appeal.'" *Id*. (quoting *Lindsey*, 939 So. 2d at 748 (¶18)). Finally, "[o]nce briefing is complete, [we will] . . . consider the case on the merits and render a decision." *Id*. (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶7.     In this instance, Hawkins' appellate counsel filed a brief in compliance with *Lindsey* stating that Hawkins' case presents no arguable issues for appeal. After being informed that he could file a supplemental brief pro se, Hawkins failed to submit a brief to the Court. Upon review of the record, we have identified no arguable issue that would warrant supplemental briefing nor any reversible error. Accordingly, we affirm the ruling of the circuit court.

¶8.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

4